UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY SCOCOZZO,

    Plaintiff,

v.                                        Case No. 3:24-cv-1029-MMH-MCR

SHERIFF SCOTT RHODEN, et al.,

    Defendants.

## ORDER

    Plaintiff Anthony Scocozzo, a pretrial detainee at the Baker County Detention Center, initiated this action on October 3, 2024, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1). On August 7, 2024, the State of Florida charged Scocozzo by third amended information with one count of written threats to kill, do bodily harm, or conduct a mass shooting or an act of terrorism; one count of aggravated stalking after an injunction for protection; one count of aggravated stalking with a credible threat; and one count of resisting an officer without violence. See State v. Scocozzo, No. 2022-CF-000069 (Fla. 8th Cir. Ct.).[1] Scocozzo is awaiting a trial on the charges. See id.

---

[1] The Court takes judicial notice of Scocozzo's state court docket. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) (per curiam) (finding the district court properly took judicial notice of petitioner's state court dockets).

In the Complaint, Scocozzo names the following Defendants: (1) Sheriff Scott Rhoden; (2) Deputy Thomas Dyal, Jr.; (3) Sergeant Tyler Baldwyn; (4) Deputy Brad Daugherty; (5) Detective Jeffrey Higginbotham; (6) Lieutenant Christopher Walker; (7) Captain Cruz; (8) Detective Rebecca Parker; (9) Assistant State Attorney Ralph Yazdiya; (10) Assistant State Attorney Ryan King; (11) Judge Phillip Pena; (12) Ron Beck; (13) Sergeant Kirth; and (14) Officer Prescott. See Complaint at 7–9. Scocozzo's allegations are rambling, spanning approximately 50 pages, and his claims are far from clear. However, from what the Court can discern, he largely complains about the legality of the search and arrest that led to his pending state court criminal charges. See generally id. He also challenges the state court judge's pretrial rulings and the prosecutor's allegedly frivolous motions. See generally id. Additionally, Scocozzo asserts that he has been "held in pre-trial detention without following the law. All of [his] electronic devices [have been] illegally confiscated, DNA illegally seized, [and] excessive house arrest conditions." Id. at 4. He requests damages. See id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks

2

monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

---

[2] Scocozzo requests to proceed as a pauper. See Motion (Doc. 2).

and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions

5

masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Scocozzo's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Scocozzo's Complaint is subject to dismissal pursuant to the Court's screening obligation. First, Scocozzo fails to allege plausible false arrest and

illegal seizure claims. In the Complaint, he asserts that law enforcement officers arrested him "without a warrant, consent, probable cause, or exigent circumstances." Complaint at 10. He also complains that officers seized items pursuant to a "baseless" search warrant. Id. at 18. However, these conclusory allegations unsupported by material facts are insufficient to state claims for relief. And to the extent he attempts to raise other claims—such as excessive force, conspiracy, or retaliation—he similarly fails to allege facts permitting a reasonable inference that Defendants violated his federal constitutional rights.[4]

More importantly, it appears that the Complaint is a thinly veiled attempt to circumvent the Court's prior orders and to obtain a favorable ruling in his state court case. Since the State filed charges against him, Scocozzo has initiated six federal habeas corpus cases challenging various aspects of his state pretrial proceedings. See Case Nos. 3:23-cv-1007-TJC-PDB; 3:23-cv-1009-TJC-JBT; 3:24-cv-5-HLA-LLL; 3:24-cv-271-TJC-PDB; 3:24-cv-1132-WWB-MCR; 3:25-cv-16-MMH-PDB. The assigned judges dismissed five of those cases. See Case Nos. 3:23-cv-1007-TJC-PDB; 3:23-cv-1009-TJC-JBT; 3:24-cv-5-HLA-LLL; 3:24-cv-271-TJC-PDB; 3:24-cv-1132-WWB-MCR. Scocozzo now

---

[4] Scocozzo's allegations in his Motion to Add Complaints to Existing Claim (Doc. 5) suffer from the same deficiencies. Thus, leave to amend would be futile.

brings similar complaints before the Court under the guise of the Fourth Amendment. However, federal courts are not intended as a "pre-trial motion forum for state prisoners." Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 493 (1973). Scocozzo cannot use § 1983 to challenge his pending state criminal case.

Insofar as Scocozzo seeks to hold Defendants Yazdiya and King liable for actions taken during his state criminal prosecution, he cannot do so because prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam). Also, judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Id. at 1239. This immunity applies even if the judge's acts are in error, were malicious, or exceeded his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Because Scocozzo complains about actions Defendant Pena took in his judicial capacity, he is entitled to absolute judicial immunity. Finally, if Scocozzo is trying to raise a malicious prosecution claim, he fails to allege that his state criminal prosecution has terminated in his favor. See, e.g.,

8

Manners v. Cannella, 891 F.3d 959, 975 (11th Cir. 2018) (outlining elements of a malicious prosecution claim).

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of February, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 2/25
c:   Anthony Scocozzo, #22000475